SANDS & ASSOCIATES
9606 Santa Monica Blvd., 3 r d  Floor Beverly Hills, CA 90210
(310) 859-6644
ARTHUR LEWIS, SBN 026299 3580 Wilshire Blvd.
Los Angeles, CA 90010
(213-624-4904)

ATTORNEY FOR DEFENDANT BORDEWICK

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND VENUE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                       PLAINTIFF<br><br>Vs<br><br>KENNETH GERALD BORDEWICK<br><br>                       DEFENDANT | CASE NO.: CR 06-0022 DLJ<br><br>DEFENDANT **BORDEWICK'S**<br>STATUS CONFERENCE MEMORANDUM<br><br>Status Conference: 10/06/06<br>Time: 10:00 AM<br>Honorable D.L. Jensen |

Defendant, KENNETH GERALD BORDEWICK, through his counsel, herewith submits the following statement as the status of the case..

Dated: October 5, 2006

                                                             Arthur Lewis, Attorney for
                                                             **KENNETH G. BORDE WICK**

**DEFENDANT'S STATUS CONFERENCE MEMORANDUM**

**DEFENDANT'S STATUS CONFERENCE MEMORANDUM**

# STATUS CONFERENCE MEMORANDUM

## Introduction

Defendant voluntarily surrendered upon the issuance of the indictment in the above referenced case on January 26, 2000 and was released on his own recognizance. No travel restrictions were imposed. On February 10, 2006 the matter was continued by the court to April 14, 2006 . The matter was again continued by stipulation of the parties and consent of the court to June 30, 2006.

Again, by stipulation of the parties and the consent of the court the matter of the Status Conference was continued to August 25, 2006. to permit additional discovery.

On August 25, 2006, counsel appeared with AUSA Dave Denier. The Court inquired as to the absence of Defendant and counsel advised the court that he was unaware that the court wanted defendant to be present. Defendant was out of town, (there being no travel restrictions) but in touch with counsel's office. The court inquired as to when defendant would be available and set an appearance date and status conference date of Friday, October 6, 2006. A bench warrant was issued and held to this date.

Defendant is in receipt of three boxes of material constituting well over 2,000 pages. Among the items delivered to the defendant were detailed interview reports of some dozen persons, apparently witnesses, or *potential* witnesses in the foregoing matter.

A review of the witness statements reflects what in counsel's opinion are allegations of "prior bad acts". In addition to interviews of the defendant, his mother, were a number of his attorneys, (which raises the issue of possible privileged communications), were the escrow officer involved in the transaction in issue herein (Defendant's mother's condominium) as well as the Real Estate broker and some neighbors residing in the condominium complex.

Defendant has investigators reviewing the allegations of many of the "bad acts" alleged by

some of the interviewees, most of whom, in the opinion of counsel, are not privy to any direct matters in issue and whose testimony would/should be inadmissible.

Counsel herein have requested of the government a proposed witness list so as to be able to determine, in the event the court were to permit any of the evidence of these *allegedly* "bad acts" to be admitted in evidence, the ability to be prepared to refute most, if not all, the allegations of these witnesses who have been interviewed and who might be called to testify. The Government has refused. Defendant's investigators are still tracking down additional witnesses and specific allegations of interviewees, out *of an abundance of caution* so as to make certain to be able to adequately represent the defendant herein.

Counsel are particularly seeking to determine, who, in the office of the Internal Revenue Service issued the Release of Lien which is the subject of the indictment herein.

In as much as the events charged in the indictment occurred some five or more years ago, defendant's records are unavailable to him and his recollection of the I.R.S.(phone number(s) and person(s) with whom he spoke and who caused to be issued the Release of! Lien in December 2000 – January, 2001, is inadequate to allow us to locate said individual(s) particularly since it is the understanding of counsel that (one of) the I.R.S. offices in question has closed and been moved since the event(s) involved here.

Defendant would request the government to assist in this matter by providing the phone numbers of the various I.R.S. offices in Walnut Creek, Sacramento, and San Diego as well as the names of the employees of the I.R.S. who handled, or, may have handled, "problem resolution" issues or elated thereto such as those authorized to issue a "release of lien" such as at issue in this case during the month of December 2000 and January 2001.

While the U.S. Attorney's office has been cooperative with the defendant's counsel in the

matter of reports of witness interviews an*d* access to their files in relation thereto, their reluctance to provide a witness list at this time or to otherwise indicate their intention regarding use of prior bad acts, defense counsel are required to prepare to respond to any and all such allegations should they arise. These investigations are ongoing and continuing.

For example, defendant is faced with the inability of the escrow officer with whom defendant interacted in connection with the sale of his mother's condominium and the IRS lien, who has stated to counsel herein that *she had no independent recollection of the events which occurred in 2000-2001 without reviewing to her files*. Upon subsequent inquiry by counsel, after affording her the opportunity to review her file(s) she advised that the escrow files in this matter had been *either lost or destroyed* but that the *public records,* copies of which had been given to the Government (who supplied a copy to defendant herein) are still available, but, that she has no notes or memoranda from the file available to her which would assist her in recollecting anything else about the matter, including conversations with defendant regarding the IRS lien and other outstanding issues.

Defendant is requesting an additional 60 days to continue his investigation(s) particularly as relates to the various I.R.S. offices in Northern California and the phone numbers and personnel who worked "problem resolutions" or whatever term the government applies to the office(s) that would assist a taxpayer in disputing a lien and authorizing the issuance of a "release of lien".

Defendant is also currently attempting to secure from the various California phone companies, copies of his telephone bills and those of other persons whose telephone he may have used while contacting IRS during the period of November 2000 to January 30, 2001 in his attempt to establish his contact with IRS office(s) during this period.

It appears that the current Hewlit-Packard pretexting issue (regarding securing of telephone

**DEFENDANT'S STATUS CONFERENCE MEMORANDUM**

records by private investigators) has caused delays in the ability of defense counsel to secure said records prior to trial, even though the records are being sought by the "owner" thereof.

In order to insure the defendant a fair trial it is essential that he be given the time necessary to accumulate the evidence that can exonerate him. Defendant is prepared to stipulate that that this time period of delay herein shall be excluded in computing the time within which the trial must commence, All in accord with Title 18, § 3161 (h) (8) (A) and (B)(iv).

The only evidence of the alleged falsity of the *Release of Lien* herein seems to be the inability of the I.R.S. to find a record of its issuance in its file.

Counsel has spoken with A.U.S.A. David Denier as regards this memo and the items therein and provided him with a copy of this Memorandum.

Respectfully submitted,

SANDS & ASSOCIATES,

*Arthur Lewis* (signature)

ARTHUR LEWIS
Attorney for
KENNETH G. BORDEWICK

**DEFENDANT'S STATUS CONFERENCE MEMORANDUM**