```
UNITED STATES OF AMERICA,      )
                               )
             Plaintiff,        )
                               )
     V.                        )
                               )   No. CR-06-00022-DLJ
KENNETH GERALD BORDEWICK,      )
                               )   ORDER
             Defendant.        )
_____)
```

On November 16, 2007, the Court heard argument on defendant Kenneth Bordewick's motion to dismiss Count One of the superseding indictment, Mail Fraud, 18 U.S.C. § 1341, for violation of the statute of limitations, and in the alternative because Count One is duplicitous.  Arguments were also heard on Bordewick's motions to strike surplusage from the indictment consisting of Bordewick's aliases and certain allegations in Count Two, Corrupt Obstruction of the Due Administration of the Tax Laws, 26 U.S.C. § 7212(a).

Ethan Balogh appeared on behalf of defendant; Tom Moore appeared for the government.  Having considered the arguments of counsel, the papers submitted, the applicable law, and the record in this case, the Court hereby DENIES defendant's motions to dismiss and DENIES the motions to strike surplusage.

**I. BACKGROUND**

On January 10, 2006, a federal Grand Jury returned an indictment charging Defendant with nine counts of mail fraud and one count of corruptly interfering with the administration of the tax laws.  The indictment alleged a fraud scheme by which Bordewick obtained approximately $44,000 that would have

been paid out of an escrow to the IRS in satisfaction of a tax lien. The escrow was in connection with the sale of as part of his mother's condominium. The nine counts of the indictment charged that nine checks, none for more than $5,000, all made payable to Bordewick's roommate, were mailed to Bordewick's address, on January 31, 2001.

According to the indictment, the fraud scheme was accomplished as follows: (1) Bordewick caused a fraudulent Certificate of Release of Federal Tax Lien, which lien had been filed on the sale proceeds from his mother's condominium, to be recorded with the Contra Costa County Recorder's Office. (2) Bordewick caused a fraudulent Mechanic's Lien on his mother's condominium to be recorded with the Contra Costa County Recorder's Office in favor of Robert Morrison, Bordewick's roommate in Palm Springs, California. (3) Bordewick represented, by fax and phone call, to Orange Coast Title Company and its agents, with whom Bordewick opened the escrow account for the sale of his mother's condominium, that the Release Certificate and Mechanic's Lien were legitimately recorded. (4) Orange Coast Title Company thereafter mailed checks payable to Robert Morrison, the balance of the proceeds from the sale of the condominium, to Bordewick's address in Palm Springs.

The text in the original indictment reads that Bordewick "knowingly and intentionally devised and intended to devise a scheme and artifice to defraud the IRS and to obtain at least $44,000 by means of false and fraudulent pretenses,

2

representations, and promises, well knowing that the pretenses, representations and promises were false and fraudulent when made."

On September 6, 2007, a federal Grand Jury returned a superseding indictment charging Bordewick with a single count of mail fraud and an additional count of corruptly interfering with the administration of the tax laws.  The superseding indictment has the same description of the fraudulent scheme as the original indictment but charges only a single count of mail fraud instead of nine separate counts.  The government explained that this was done because all the checks were contained in a single mailing.

The text stating the charge against Bordewick was amended to read that Bordewick "knowingly and intentionally devised and intended to devise a scheme and artifice to defraud the IRS and to obtain at least $44,000 by means of *material* false and fraudulent pretenses, representations, and promises, well knowing that the pretenses, representations and promises were false and fraudulent when made, *and well knowing that the false and fraudulent pretenses, representations and promises were material in that they would reasonably influence Orange Coast Title Company to not pay the IRS demand for taxes in the amount of $87,251.30, but instead to pay the balance of the proceeds from the sale of the condominium, approximately $44,000, to his friend, Robert Morrison.*" (Italics added to indicate text not found in the original indictment.)

The superseding indictment states, in the caption, four

3

aliases which Bordewick has allegedly used.  The second count of the superseding indictment, the alleged endeavor to corruptly obstruct the due administration of the tax laws, also states an allegation of the recordation of the Mechanic's Lien in favor of Robert Morrison.

Bordewick has brought three motions challenging the superseding indictment.  In his first motion, he argues that the it is time-barred.  Bordewick asserts that in the original indictment, Mail Fraud was not validly alleged, which means that the five-year statute of limitations was not tolled, and that it expired on January 31, 2006.  He has moved in the alternative that Count One charges two different schemes of Mail Fraud, making it duplicitous.  Bordewick would have the government elect one scheme on which to proceed to trial and dismiss any allegation of the other scheme.  Bordewick also contends that his aliases, as well as the allegations in Count Two that he caused a Mechanic's Lien to be recorded in favor of Robert Morris, are surplusage.

**II.  ANALYSIS**

A.  <u>The Statute of Limitations for Mail Fraud was Tolled by the Original Indictment</u>.

A violation of 18 U.S.C. § 1341, Mail Fraud, has a statute of limitations of five years.  18 U.S.C. § 3282.  Generally speaking, the return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment.  <u>United States v. Pacheco</u>, 912 F.2d 297, 305 (9th

4

1   Cir. 1990).  If the counts in a superseding indictment
2   "materially broaden" or substantially amend the charges in the
3   original indictment, the statute of limitations would not be
4   tolled as to those charges.  United States v. Salmonese, 352
5   F.3d 608, 622 (2d Cir. 2003).  When charges from an original
6   indictment are duplicated in a superseding indictment the
7   defendant cannot claim he lacked notice of those charges.
8   Pacheco, 912 F.2d at 305.  To determine whether the superseding
9   indictment impermissibly changed the charges in the original
10  indictment it is necessary to examine each indictment
11  carefully.  United States v. Sears, Roebuck & Co., 785 F.2d
12  777, 779 (9th Cir. 1986).
13      The materiality of the false statements or representations
14  is an element of fraud in the federal criminal fraud statutes
15  (18 U.S.C. §§ 1341, 1343, 1344), despite its omission from the
16  text of these statutes.  United States v. Neder, 527 U.S. 1,
17  20-25 (1999).  Neder makes clear that in order to prove fraud,
18  the government must prove the materiality of the falsehoods.
19  See id.  The materiality inquiry focuses on whether the false
20  statement had a natural tendency to influence or was capable of
21  influencing the intended victim.  United States v. Rashid, 383
22  F.3d 769, 778 (8th Cir. 2004), sentence vacated on Booker
23  grounds sub nom. Abu Nahia v. United States, 546 U.S. 803
24  (2005).  The Ninth Circuit has held that a fraud indictment's
25  failure to recite an essential element of the charged offense,
26  namely the materiality of the scheme or artifice to defraud, is
27  a fatal flaw requiring dismissal of the indictment.  Unites
28

5

1   States v. Omer, 395 F.3d 1087, 1089 (9th Cir. 2005).

2       The Ninth Circuit in Omer relied on United States v. Du
3   Bo. 186 F.3d 1177 (9th Cir. 1999).  The Du Bo court held that
4   an indictment that does not allege an essential element of the
5   offense, even if the element is absent from the statutory
6   language, is deficient on its face.  Id at 1179.  The Du Bo
7   court relied on the common law purpose of the grand jury,
8   holding that such a deficient indictment fails to ensure that
9   the defendant was indicted on the basis of the facts presented
10  to the grand jury.  Id (citing United States v. Rosi, 27 F.3d
11  409 414 (9th Cir. 1994) and Hale v. Henkel, 201 U.S. 43, 59
12  (1906)).  The basis, then, for dismissing a fraud indictment
13  that does not allege materiality is that the grand jury might
14  not have found that the misrepresentations were material based
15  on the facts presented to it.  See id and Omer, 395 F.3d at
16  1089.

17      In the instant case, Omer is inapposite.  Omer concerns
18  the dismissal of an indictment, whereas the issue here is one
19  of the relation-back of charges in a subsequent indictment.
20  See id.  The question of whether or not the grand jury would
21  have found the misrepresentations material is laid to rest by a
22  superseding indictment where, on the same facts, the jury did
23  make an explicit finding of materiality.  Cf. id.

24      The only remaining question for purposes of the tolling of
25  the statute of limitations, then, is whether Bordewick was on
26  notice of the charges against him.  See Pacheco, 912 F.2d at
27  305.  Because materiality is a necessary component of any

28

United States District Court
For the Northern District of California

allegation of Mail Fraud, Bordewick was on notice when the original indictment alleged "a scheme and artifice to defraud" without an explicit allegation of materiality.  See Neder 527 U.S. at 22-25.  In the superseding indictment, where no new facts were alleged, the explicit allegation of materiality does not "materially broaden or substantially amend the original charges" of Mail Fraud in the first indictment.  Cf. Salmonese, 352 F.3d at 622.  In the instant case, this Court must DENY Bordewick's motion to dismiss Count One of the superseding indictment for violating the statute of limitations.

B.  There is no Duplicity in Count One of the Superseding Indictment.

An indictment must include a plain, concise, and definite written statement of the essential facts constituting the offense charged.  Fed. R. Crim. P. 7(c)(1).  Rule 8(a) of the Federal Rules of Criminal Procedure requires that a single count of an indictment may only charge one offense.  United States v. Aguilar, 756 F.2d 1418, 1420 n. 2 (9th Cir. 1985). Bordewick argues that Count One of the superseding indictment charges two separate acts of fraud.  One alleged fraud was against the IRS and was accomplished by recording the Certificate of Release of the tax lien.  The second alleged fraud was against Bordewick's mother and was accomplished by recording the Mechanic's Lien in favor of Bordewick's roommate. Bordewick would have the Court require the government to elect one of these fraud schemes to prove at trial.

In fact, the superseding indictment unambiguously alleges

7

in paragraph 11 a single scheme to defraud the IRS. The allegation of the additional facts regarding the use of a fraudulent Mechanic's Lien provides motive for the fraud on the IRS. Such motive evidence is relevant and admissible at trial. Fed. R. Evid. 404(b). This allegation of motive is appropriately included in the indictment. See <u>United States v. Moss</u>, 9 F.3d 543, 550 (6th Cir. 1993). The government may prove all the acts alleged in Count One at trial. The government need make no election.

C.   <u>There is no Surplusage in the Indictment</u>

Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment set forth "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 7(d) authorizes the court to strike surplusage from an indictment "to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." <u>United States v. Ramirez</u>, 710 F.2d 535, 544-45 (9th Cir. 1983). Allegations in the indictment that are never read to the jury are not prejudicial and therefore need not be stricken. <u>United States v. Hedgepeth</u>, 434 F.3d 609, 613 (6th Cir. 2006).

While some court's have a practice of providing a copy of the indictment, or reading it verbatim to the jury, this Court does not. The Court will, according to its usual practice, screen irrelevant, prejudicial material from the jury, including any unnecessary contents of the indictment. There

8

is, therefore, no surplusage in the indictment.  See Hedgepeth, 434 F.3d at 613.  Nothing will be stricken in the superseding indictment.

### III.  CONCLUSION

For the reasons stated above, Bordewick's motions are DENIED.  The original indictment tolled the statute of limitations for the charge of Mail Fraud by alleging a fraudulent scheme, thereby putting Bordewick on notice that he must defend against the materiality of the falsehoods in that scheme.  There is no duplicity in the first count of the superseding indictment inasmuch as only one fraudulent scheme is alleged and charged.  The superseding indictment contains no surplusage.

IT IS SO ORDERED

Dated:     December 5, 2007

_____
D. Lowell Jensen
United States District Judge