```
UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
      V.                        )
                                )   No. CR-06-00022-DLJ
KENNETH GERALD BORDEWICK,       )
                                )   ORDER
            Defendant.          )
_____ )
```

On August 1, 2008, the Court heard argument on defendant Kenneth Bordewick's renewed motion for acquittal under Rule 29 or in the alternative for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. Ethan Balogh appeared on behalf of defendant; David Denier appeared for the government. Having considered the arguments of counsel, the papers submitted, the applicable law, and the record in this case, the Court DENIES defendant motion for acquittal, GRANTS defendant's motion for a new trial and VACATES the jury verdict.

### I. BACKGROUND

On January 10, 2006, a federal Grand Jury returned an indictment charging Kenneth Bordewick (Bordewick) with nine counts of mail fraud and one count of corruptly interfering with the administration of the tax laws. The indictment alleged a fraud scheme by which Bordewick fraudulently obtained approximately $44,000 from a real estate escrow that otherwise would have been paid to the IRS in satisfaction of a tax lien. The escrow was in connection with the sale of his mother's condominium. The nine counts of the indictment charged that

nine checks, none for more than $5,000, all made payable to Bordewick's roommate, were mailed to Bordewick's address, on January 31, 2001.

On September 6, 2007, a superseding indictment was returned charging Bordewick with a single count of mail fraud (corresponding to the single mailing) and an additional count of corruptly interfering with the administration of the tax laws.

Jury trial commenced on February 11, 2008. At the close of the government's case, Bordewick moved for acquittal under Rule 29, arguing that no witness for the government, nor any other evidence presented at trial, identified Bordewick (the defendant seated in the courtroom) as the person about whom any of the witnesses testified. The Court denied this motion.

On February 20, 2008, the jury returned a verdict of guilty. On March 10, 2008, the government provided to the defense, for the first time, a Special Agent's Report by the case agent who testified at trial.

On July 11, 2008, Bordewick moved for acquittal pursuant to Rule 29, or in the alternative for a new trial pursuant to Rule 33. Bordewick relies on five grounds for his motions: (1) the government's failure to present evidence of Bordewick's identity; (2) the government's failure to provide the Special Agent's Report prior to trial; (3) the admission of expert witness testimony at trial without prior discovery pursuant to

2

Rule 16 of the Federal Rules of Criminal Procedure; (4) the government's improper vouching; (5) the government's improper delay before indictment.

## II. LEGAL STANDARD

### A. Rule 29

Rule 29 of the Federal Rules of Criminal Procedure provides in relevant part:

> ... the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction.

Rule 29(a). The district court must determine "whether at the time of the motion there was relevant evidence from which the jury could reasonably find the defendant guilty beyond a reasonable doubt, viewing the evidence in light favorable to the government. United States v. Dreitzler, 577 F.2d 539, 545 (9th Cir. 1978).

### B. Rule 33

Rule 33 of the Federal Rules of Criminal Procedure provides:

> Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.

Rule 33(a). The decision to grant a new trial rests with the sound discretion of the trial court. United States v. Mack, 362 F.3d 597, 600 (9th Cir. 2004).

C.   Identification

Identification of the defendant as the person who committed the charged crime is always an essential element which the government must establish beyond a reasonable doubt. United States v. Alexander, 48 F.3d 1477, 1489 (9th Cir. 1995). However, in-court identification by a witness is not necessarily required. Id. Identification can be inferred from all the facts and circumstances that are in evidence. Id. A witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime. Id.

D.   Right to Discovery

There is no general Constitutional right to discovery in a criminal case, and "the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded." Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (citing Wardius v. Oregon, 412 U.S. 470, 474 (1973)). Nevertheless, there are Constitutional prohibitions against Government's failure to disclose evidence favorable to the accused that is also material to the issue of guilt or

4

punishment at trial. Brady v. Maryland, 373 U.S. 83, 87 (1963). If there is no reasonable doubt about guilt, whether or not the additional evidence is considered, there is no justification for a new trial. United States v. Agurs, 427 U.S. 97, 112-13 (1976). Evidence of relatively minor importance would be sufficient to create a reasonable doubt if the validity of the verdict is questionable. Id. The Constitution does not require a prosecutor to allow complete discovery of his or her files. Id. at 112. There must be "some showing that the evidence lost would be both material and favorable to the defense." United States v. Valenzuela-Bernal, 458 U.S. 858, 874 (1982).

Federal Rule of Criminal Procedure 16 governs discovery and inspection of information subject to disclosure by the government. According to Rule 16(a)(1)(C), the government must provide information in its possession that is "material to the preparation of the defendant's defense or intended for use by the government as evidence in chief at the trial. . . ." The U.S. Supreme Court states that what is material to the defense case may encompass only the "narrower class of 'shield' claims, which refute the Government's arguments that the defendant committed the crime charged." United States v. Armstrong, 517 U.S. 456, 462 (1996).

The Jencks Act, 18 U.S.C. § 3500, requires disclosure of statements of a witness in the possession of the United States

that are relevant to the direct testimony of the witness. "Statement" is defined as (1) a written statement by the witness and signed or otherwise adopted or approved by him; or (2) a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by said witness and recorded contemporaneously with the making of such oral statement.  The U.S. Supreme Court in United States v. Bagley, 473 U.S. 667 (1985), directs the trial court to determine whether, without the discovery, the defendant's trial resulted in a "verdict worthy of confidence."

E.  Expert Witnesses

Under the Federal Rules of Evidence:

> If . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (FRE 702).  By contrast, for lay witnesses, FRE 601 provides that every person is presumed competent to testify, and FRE 602 provides that lay witness testimony must be based on personal knowledge.  FRE 701 bars lay witnesses from offering opinions that would require specialized

knowledge.  The mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump FRE 702. United States v. Figueroa-Lopez, 125 F.3d 1241, 1245 (9th Cir. 1997).  Where the opinion is not rationally based on the perceptions of the witness without the witness's specialized knowledge, the witness must first be qualified as an expert before giving the opinion.  See id.

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires the government to disclose to the defendant a written summary of expert testimony the government intends to use during its case in chief.  Id. at 1246.  A violation of Rule 16 does not in itself require reversal or even exclusion of the testimony.  Id. at 1247.  The defendant must demonstrate prejudice to substantial rights to justify reversal for violations of discovery rules.  Id.

### F. Vouching

It is improper for the government to vouch for the credibility of a witness.  United States v. Frederick, 78 F.3d 1370, 1378 (9th Cir. 1995).  Vouching may occur in two ways: the prosecution may place the prestige of the government behind the witness or may indicate that information not presented to the jury supports the witness's testimony.  Id.  It is not misconduct for the prosecutor to argue reasonable inferences based on the record.  United States v. Younger, 398 F.3d 1179,

1190 (9th Cir. 2005).

The Ninth Circuit calls special attention to the use of the phrase "we know" in closing argument. Id. at 1191. The use of "we know" readily blurs the line between improper vouching and legitimate summary. Id. Prosecutors should not use "we know" statements in closing argument. Id.

Analysis of the harm caused by vouching depends in part on the closeness of the case. Frederick, 78 F.3d at 1378. Where there has been no objection to prosecutorial vouching, a conviction should only be reversed where the vouching constitutes plain error. Id. at 1379.

G. Pre-indictment Delay

The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive pre-indictment delay. United States v. De Jesus Corona-Verbera, 509 F.3d 1105, 1112 (9th Cir. 2007). Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations. Id. In some circumstances, the Due Process Clause requires dismissal of an indictment within the limitations period. Id.

In order to succeed on a claim that he was denied due process because of pre-indictment delay, a defendant must satisfy both prongs of a two-part test: First, he must prove actual, non-speculative prejudice from the delay; and Second,

8

the length of the delay is weighed against the reasons for the delay, and the defendant must show that the delay "offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." Id. (citing United States v. Sherlock, 962 F.2d 1349, 1353-54 (9th Cir. 1989)).

H.  Cummulative Error

In a case where no single trial error is sufficiently prejudicial to warrant reversal of a conviction, the cumulative effect of multiple errors may still prejudice the defendant. Frederick, 78 F.3d at 1381. Where there are a number of errors at trial, a balkanized, issue-by-issue harmless error review is far less effective than analyzing the overall effect of all the errors in the context of the evidence introduced at trial against the defendant. Id. In those cases where the government's case is weak, a defendant is more likely to be prejudiced by the effect of cumulative errors. Id. This is the logical corollary of the harmless error doctrine which requires a conviction to stand if there is overwhelming evidence of guilt. Id.

**III. DISCUSSION**

A.  Identification

This case is not a "who-done-it." Incriminating documents have Bordewick's signature on them. Bordewick's roommate and

9

partner took the stand and testified about his relationship with Bordewick and Bordewick's mother. Mr. Balogh identified himself at the beginning of the trial as the attorney for Mr. Bordewick. The only question of fact to which no witness directly testified was whether the "Bordewick" identified by the evidence as the perpetrator of this fraud was the same "Bordewick" that sat before the jury. There is little doubt that the prosecution should have and could have covered this with at least one of the witnesses and there is no reason why this direct evidence was not presented. This is clearly a trial error, however, taking all of the trial testimony, including its accompanying body language, in the light most favorable to the government, a jury could reasonably find that the Bordewick before them was the Bordewick to whom all of the witnesses and documents referred. Cf. Alexander, 48 F.3d at 1489 (holding that the failure of any witness to point out that the wrong man had been brought to trial can be sufficient proof of identity).

B.  Right to Discovery

It does not appear that any of the content of the Special Agent's Report rises to the level of material exculpatory evidence under Brady. However, the IRS agent who authored the report was called as a witness by the government in its case in chief, and there is no question that the report is Jencks Act

10

1  material which must be disclosed by the government.  The
2  government offers no reason for the failure to disclose.  The
3  government argues that any error would be harmless as all the
4  subject matter of the report was covered by other discovery
5  materials.  This says nothing, however, as to the use of the
6  report for effective cross-examination and it is clear that the
7  report could have been used for that purpose.  It may be
8  questionable as to whether this error in and of itself should
9  invalidate the trial, but there is no question that it is a
10 serious trial error which must be considered on the issue of
11 whether there should be a new trial.  Cf. Bagley, 473 U.S. 667.

13 C.  Expert Witness

14      The testimony at issue here is from witness Myrna T.
15 Antonio (Antonio), an employee of the IRS.  Antonio testified
16 to a number of facts about the procedures of the IRS, various
17 identifying characteristics of a genuine release of tax lien
18 form, and indicia of falsehood in the release of lien form
19 filed by Bordewick in connection with this case.  Testimony of
20 this kind is often considered expert testimony.  See, e.g.,
21 Rogers v. City of Chicago, 320 F.3d 748, 751-52 (7th Cir. 2002)
22 (expert testimony on police department procedures) and United
23 States v. Salman, 531 F.3d 1007, 1015 (9th Cir. 2008) (expert
24 testimony on indicia that documents are counterfeit).

Standing alone, the government's failure to properly qualify Antonio as an expert witness and make the proper Rule 16 disclosures before trial may not be sufficient grounds to warrant a new trial. Cf. Figueroa-Lopez, 125 F.3d at 1247. It does appear that, if the government had made the necessary effort, Antonio would have met the standards under Rule 702 to testify as an expert. Additionally, the Court sees little reason to believe that, had the Rule 16 disclosures been made, that they alone would have provided Bordewick with material to significantly undermine the government's evidence or to create any serious doubt that the jury verdict would have been the same. This is error, however, that can taint the effectiveness of cross-examination, and can be part of the consideration by the Court of cumulative error.

D. Pre-indictment Delay

Bordewick's pre-trial motion to dismiss the indictment on grounds of pre-indictment delay was denied by the Court. Now that a trial has been conducted Bordewick argues that he was actually prejudiced at trial because many of the witnesses at trial had to have their memories refreshed. Although Bordewick claims in his memorandum that this is non-speculative prejudice, he does not clarify how this is so. This appears to be exactly the sort of speculative prejudice that cannot be the grounds for finding a violation of constitutional due process.

12

Bordewick offers nothing to indicate that, were the indictment brought earlier, the witnesses' testimony would have been any different. Testimony by way of refreshed recollection is a ubiquitous feature of trial and does not, of itself, support a finding of constitutional delay. The indictment cannot be dismissed because of delay under these circumstances.

### E. Vouching

At the end of closing argument, the government stated to the jury, "At this time I believe we have proved our case and request guilty verdicts on both counts." Bordewick equates this remark to a prosecutor stating that "we know" the truth or falsity of some fact in issue, which the Ninth Circuit has identified as improper vouching. See Younger, 398 F.3d at 1191.

When a prosecutor says that "we know" that a relevant proposition is true, sometimes followed by reference to some piece of physical evidence or witness testimony, the literal interpretation of the sentence beginning with the problematic phrase is ambiguous. It can reasonably be interpreted to mean that the prosecutor, a member of the group referred to as "we," has information not necessarily known by some of that group, the jury, that allows the truth to be known, even if the evidence that was presented to the jury may be insufficient to support such knowledge. This ambiguity led the Ninth Circuit

to remark that "the question for the jury is not what a prosecutor believes to be true or what 'we know,' rather, the jury must decide what may be inferred from the evidence." Id. The phrase "I believe we have proved our case," does not appear to be susceptible to such a problematic interpretation. However, it is a statement by the prosecutor of a personal belief, which is improper. There was no objection to the statement, and this is a type of statement that can be easily addressed by a curative instruction. It would not be grounds, of itself, to invalidate a conviction, but it is an error which can be part of cumulative error analysis.

F.  Cumulative Error

As the Court has noted, numerous errors were made in the prosecution of this case. The Court turns to the cumulative effect of these errors.

Whether cumulative error has prejudiced a defendant's case is dependant in large part on the strength of the government's case. Frederick, 78 F.3d at 1381. In this case, while the government's case could not be described as weak, neither is the evidence of guilt so overwhelming that multiple errors could not call into question the Court's confidence in the jury's verdict. The Court has found the following errors: (1) no witness directly identified the defendant sitting before the jury as the Kenneth Bordewick about whom they testified; (2)

14

the government did not disclose the SAR as required under the Jencks Act; (3) the government elicited an opinion from Antonio that, under Rule 702, would be considered an expert opinion, without first qualifying her as an expert and without making the disclosures required under Rule 16; and (4) the government ended its closing argument by referring to the personal belief of the prosecutor.  Taken all together, the cumulative effect of these errors creates a sufficient doubt in the jury's verdict that the interests of justice require a new trial under Rule 33.

## CONCLUSION

For the foregoing reasons, the Court VACATES the jury verdict of guilty and GRANTS Bordewick's motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.

IT IS SO ORDERED

Dated:     August  27, 2008

_____
D. Lowell Jensen
United States District Judge